UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SHANNON STEWART,

    Plaintiff,

v.                                             Case No.:  5:25-cv-667-SPC-PRL

THE STANDARD FIRE
INSURANCE COMPANY,

    Defendant.

## **OPINION AND ORDER**

Before the Court are Plaintiff Shannon Stewart's Motion to Remand (Doc. 14) and Defendant The Standard Fire Insurance Company's response (Doc. 15). For the below reasons, the Court denies the motion.

This is an underinsured motorist claim and bad-faith action arising from a motor vehicle accident. The vehicle Plaintiff was operating (owned by non-party John Reineke) collided with a vehicle operated by non-party Myranda Goddard. Defendant issued an insurance policy covering the vehicle Plaintiff operated. Plaintiff seeks underinsured motorist coverage from Defendant for her injuries. (Doc. 1-1).

Defendant removed the action based on the Court's diversity jurisdiction. (Doc. 1). In seeking to remand this case, Plaintiff does not dispute diversity

jurisdiction exists. Instead, she asks the Court to abstain from adjudication under the *Colorado River* abstention doctrine. (Doc. 14).

The *Colorado River* doctrine "addresses the circumstances in which federal courts should abstain from exercising their jurisdiction because a parallel lawsuit is proceeding in one or more state courts." *Ambrosia Coal & Const. Co. v. Pages Morales*, 368 F.3d 1320, 1327 (11th Cir. 2004). The doctrine's application "is limited to situations in which federal and state proceedings involve 'substantially the same parties and substantially the same issues.'" *Baker v. Warner/Chappell Music, Inc.*, 759 F. App'x 760, 763 (11th Cir. 2018) (quoting *Ambrosia*, 368 F.3d at 1330). Plaintiff fails to satisfy this threshold requirement.

Plaintiff asks the Court to abstain from this case because of another lawsuit pending in state court: *Myranda Goddard v. Shannon Stewart and John Reineke*, Case No. 35-2025-CA-962-AXXX-01 (Fla. Fifth Jud. Cir.). Unlike this insurance-coverage dispute, *Goddard* is a negligence action. Goddard sues Plaintiff for negligently operating the vehicle, and she sues Reineke (the owner of the vehicle Plaintiff was operating during the collision) under the dangerous-instrumentality doctrine. (Doc. 15-1). So, although the two cases arise from the same accident, the issues are not the same. And, other than Plaintiff, the parties are not the same either. As such, the *Colorado River* abstention doctrine does not apply. *See Acosta v. James A. Gustino, P.A.*, 478

F. App'x 620, 621 (11th Cir. 2012) ("If the federal and state proceedings are not parallel, then the *Colorado River* doctrine does not apply.").

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Remand (Doc. 14) is **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida on December 22, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record