UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SHANNON STEWART,

    Plaintiff,

v.                                        Case No.:  5:25-cv-667-SPC-PRL

THE STANDARD FIRE
INSURANCE COMPANY,

    Defendant.

## **OPINION AND ORDER**

Before the Court is Defendant The Standard Fire Insurance Company's Motion to Dismiss, Strike, or Abate Count II of the Amended Complaint. (Doc. 12). Defendant's Local Rule 3.01(g) certification indicates Plaintiff Shannon Stewart does not oppose abating count II, but she otherwise failed to timely respond to the motion. So the Court treats it as unopposed. *See* M.D. Fla. R. 3.01(d) ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

Plaintiff brings this action for underinsured motorist coverage following her injuries in a motor vehicle accident. She also brings a bad faith claim under Fla. Stat. § 624.155, arguing Defendant failed to attempt in good faith to settle Plaintiff's underinsured motorist claim (count II). (Doc. 1-1). Defendant moves to dismiss, strike, or abate the bad faith claim, arguing that it is premature

until underlying liability is determined. (Doc. 12). Plaintiff agrees abatement is appropriate. (*Id.*).

When a bad faith claim under § 624.155 is included in an action for underinsured benefits, "the only question for the Court to decide is whether this claim should be dismissed without prejudice or abated until resolution of the underlying coverage dispute." *Gilbert v. State Farm Mut. Auto Ins. Co.*, 95 F. Supp. 3d 1358, 1363 (M.D. Fla. 2015). Courts are split as to which mechanism is proper. *See Terenzio v. LM Gen. Ins. Co.*, 423 F. Supp. 3d 1354, 1356 (S.D. Fla. 2019) ("Courts are divided on whether to abate bad-faith claims or dismiss them without prejudice."). Courts that find dismissal without prejudice is proper often do so because Article III's "case or controversy" requirement "precludes federal courts from adjudicating claims that rest upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.* (citations omitted).

Although the parties agree to abatement, this is not the undersigned's preferred method. Rather, the Court agrees with the line of cases finding that abatement runs afoul of Article III's "case or controversy" requirement. *See Wadsworth v. State Farm Mut. Autombile Ins. Co.*, No. 2:17-CV-502-SPC-CM, 2017 WL 5702833, at *2 (M.D. Fla. Nov. 27, 2017) (agreeing with the courts that have dismissed unripe bad faith claims without prejudice because "Florida state courts do not have the same jurisdictional requirements as federal courts

do under Article III, which prevents federal courts from adjudicating cases that are unripe for review or rest upon contingent future events that may not occur"); *see also Diggory v. Safeco Ins. Co. of Ill.*, No. 2:19-CV-367-SPC-NPM, 2019 WL 2744479, at *2 (M.D. Fla. July 1, 2019) ("The Court agrees with the reasoning in the cases that have dismissed unripe bad faith claims without prejudice."). Given Plaintiff provides no argument otherwise, the Court dismisses count II without prejudice.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss, Strike, or Abate Count II is **GRANTED**.

2. Plaintiff's bad faith claim (count II) is **DISMISSED without prejudice.**

**DONE** and **ORDERED** in Fort Myers, Florida on December 22, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3