**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**SHANNON STEWART,**

**Plaintiff,**

**v.** **Case No: 5:25-cv-667-SPC-PRL**

**THE STANDARD FIRE INSURANCE COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**

**Defendants.**

---

## ORDER

This cause comes before the Court on Plaintiff's Motion for Clerk's Default as to Defendant State Farm Mutual Automobile Insurance Company. (Doc. 32). Plaintiff seeks entry of a clerk's default against Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), contending that State Farm was properly served with process, as evidenced by the Notice of Service of Process, which shows that Plaintiff served process on the Chief Financial Officer ("CFO") of the State of Florida, who later forwarded a copy of the process to Defendant's designated agent. (*Id.* at pp. 1-2; *see* Doc. 32-1). The Notice of Service of Process reflects that Florida's CFO received the service of process on June 22, 2026, and forwarded a copy by electronic delivery to Defendant's designated agent, Lynette Coleman, at 1201 Hays Street, Tallahassee, Florida 32301, on June 23, 2026. (*See* Doc. 32-1). To date, State Farm has not responded to the operative second amended complaint (Doc. 27) or appeared in this case.

Federal Rule of Civil Procedure 55(a) governs the entry of a clerk's default, providing that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *See* Fed. R. Civ. P. 55(a). Before directing the clerk to enter a default, the Court must determine whether the plaintiff properly effected service of process on the defendant because, without effective service of process, the Court "lacks personal jurisdiction over a defendant and, therefore, has no power to render judgment over that defendant." *See Kelly v. Florida*, 233 F. App'x 883, 884 (11th Cir. 2007) (per curiam) (citing *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003)); *see also United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009). "The serving party has the burden of showing that the opposing party was properly served." *Spy Optic Inc. v. Pattar Enter., Inc.*, No. 6:16-cv-1541-ORL-31GJK, 2017 WL 8893758, at *1 (M.D. Fla. Oct. 4, 2017) (citation omitted); *see Onpower, Inc. v. United Power Line Contractors, LLC*, No. 2:15-cv-796-FTM-99MRM, 2016 WL 9049315, at *1 (M.D. Fla. Mar. 14, 2016) (indicating that it is the plaintiff's burden to establish effective service of process); *see also Friedman v. Schiano*, 777 F. App'x 324, 331 (11th Cir. 2019) (per curiam).

Upon review, the Court cannot discern whether Plaintiff adequately complied with Federal Rule of Civil Procedure 4, Florida law, or any other governing law for service of process on State Farm because Plaintiff has not properly briefed the issue. Plaintiff's motion fails to contain a memorandum of law. *See* M.D. Fla. Local Rule 3.01(b) ("A motion must include . . . a legal memorandum supporting the request."). Further, Plaintiff does not address the identity of Lynette Coleman in the motion or explain her status or relationship with State Farm. Notably, Lynette Coleman's name does not appear on State Farm's Detail by Entity

Name on the Florida Department of State, Division of Corporations' website, indicating that she was designated by State Farm to receive process or affiliated with State Farm in any way.

As a result of the lack of information and requisite detail in Plaintiff's motion, the Court cannot conclude that Plaintiff properly effected service of process on State Farm. Therefore, the Court will deny Plaintiff's motion for entry of a clerk's default against State Farm without prejudice, and Plaintiff may renew her motion against State Farm, if she so chooses, with the appropriate memorandum of law and supporting documentation to establish that service was properly effectuated.

Accordingly, it is **ORDERED** that:

(1) Plaintiff's Motion for Clerk's Default as to Defendant State Farm Mutual Automobile Insurance Company (Doc. 32) is **DENIED without prejudice**.

(2) On or before **August 20, 2026**, Plaintiff may re-serve Defendant State Farm Mutual Automobile Insurance Company or file a renewed motion addressing the deficiencies identified in this Order.

**DONE** and **ORDERED** in Ocala, Florida on July 21, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties