**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**SHANNON STEWART,**

**Plaintiff,**

**v.** **Case No: 5:25-cv-667-SPC-PRL**

**THE STANDARD FIRE INSURANCE COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**

**Defendants.**

---

**ORDER**

This cause comes before the Court on Plaintiff's Amended Motion for Clerk's Default as to Defendant State Farm Mutual Automobile Insurance Company (Doc. 34) and Defendant State Farm Mutual Automobile Insurance Company's Motion for Extension of Time to File Defendant's Answer (Doc. 36).

On July 21, 2026, the Court denied without prejudice Plaintiff's Motion for Clerk's Default against Defendant State Farm Mutual Automobile Insurance Company ("State Farm") (Doc. 32) because the Court could not determine whether Plaintiff properly effected service of process on State Farm given the lack of information and requisite detail in Plaintiff's motion. (Doc. 33). On July 22, 2026, Plaintiff filed the instant Amended Motion for Clerk's Default, seeking entry of clerk's default against State Farm for their failure to respond to the second amended complaint or otherwise defend the action. (Doc. 34). The following day, on July 23, 2026, David Fifner, Esq. of Gobel Flakes, LLC, filed a Notice of Appearance as counsel of record for State Farm (Doc. 35), and State Farm filed the instant Motion for

Extension of Time to File Defendant's Answer, requesting a brief extension of time to respond to Plaintiff's second amended complaint due to "excusable neglect" by counsel who "was unaware of his lapse in admission to the United States District Court, Middle District of Florida" and has now been re-admitted to this Court (Doc. 36).[1] State Farm filed its answer and affirmative defenses to Plaintiff's second amended complaint on July 24, 2026. (Doc. 37).

Federal Rule of Civil Procedure 55(a) governs the entry of a clerk's default, providing that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *See* Fed. R. Civ. P. 55(a). However, "[d]efault is to be used sparingly" and cases should normally be adjudicated on their merits. *See Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316-17 (11th Cir. 2002) (describing default judgment as a "drastic remedy" and recognizing that courts "must respect the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court") (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). Given that "there is a strong policy of determining cases on their merits," the Eleventh Circuit "therefore view[s] defaults with disfavor." *See In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) (citations omitted); *Bateh v. Colquett D. Trucking, Inc.*, No. 3:11-cv-926-J-32MCR, 2011 WL 4501385, at *1 (M.D. Fla. Sept. 28, 2011) ("Courts have a longstanding policy favoring adjudication of lawsuits on the merits, thus defaults are disfavored.") (citation omitted). If a defendant untimely appears in and indicates a desire to contest an action, the

[1] The Court notes that State Farm's Motion for Extension of Time to File Defendant's Answer (Doc. 36) fails to comply with the requirements set forth in Local Rule 3.01(g). *See* M.D. Fla. Local Rule 3.01(g). State Farm is cautioned that any future filings must comply with this Court's Local Rules.

court can exercise its discretion and refuse to enter a default against the defendant. *See Evans v. Strayer Univ.*, No. CV 115-196, 2016 WL 5844857, at *2 (S.D. Ga. Oct. 3, 2016).

In this case, State Farm made an appearance through counsel (Doc. 35) and filed a motion for extension of time to respond to Plaintiff's second amended complaint (Doc. 36) and an answer (Doc. 37). Although State Farm did not timely file its responsive pleading (*see* Doc. 37), entry of default against State Farm would be improper at this early stage of the proceedings, given State Farm's indicated desire to defend the action and the "strong policy of determining cases on their merits" in the Eleventh Circuit. *See In re Worldwide Web Sys., Inc.*, 328 F.3d at 1295; *Evans*, 2016 WL 5844857, at *2 (indicating that a plaintiff would not be able to obtain entry of default against a defendant that had appeared in the case and attempted to defend); *see also Houser v. O'Neil*, No.:24-cv-00503-SGC, 2025 WL 2797162, at *2 (N.D. Ala. Sept. 29, 2025) (explaining that "[w]here a defendant appears in an untimely manner and indicates a desire to contest an action, an entry of default may be refused . . . on a discretionary basis[,]" considering "a defendant's short delay in appearing to defend against a claim and the absence of prejudice to the plaintiff") (citations and internal quotation marks omitted).

Thus, under the circumstances presented here and in the interests of adjudicating this case on the merits, the Court will accept State Farm's untimely answer and deny Plaintiff's amended motion for clerk's default. State Farm is cautioned, however, that any future untimely filings may not be accepted.

Accordingly, upon due consideration, it is **ORDERED** that:

(1) Plaintiff's Amended Motion for Clerk's Default as to Defendant State Farm Mutual Automobile Insurance Company (Doc. 34) is **DENIED**.

(2) Defendant State Farm Mutual Automobile Insurance Company's Motion for Extension of Time to File Defendant's Answer (Doc. 36) is **DENIED as moot**, in light of the filed Answer and Affirmative Defenses (Doc. 37).

**DONE** and **ORDERED** in Ocala, Florida on July 27, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties