**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**SHANNON STEWART,**

**Plaintiff,**

**v.** **Case No.: 5:25-cv-00667-SPC-PRL**

**THE STANDARD FIRE INSURANCE COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**

**Defendants.**
**_____________________________________/**

**ORDER**

This cause is before the Court on Plaintiff's unopposed motion for entry of an order governing physical examination. (Doc. 46). The motion states that the parties have agreed to a physical examination of Plaintiff by Dr. Neil Brown on October 22, 2026, to be held at Hampton Inn – Mount Dora, 19700 US-441, Mt Dora, FL 32757, at 10:00 a.m., subject to certain conditions as discussed in the motion. (*Id.*).

The Court "may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). This order "may be made only on motion for good cause and on notice to all parties and the person to be examined; and . . . must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2).

Upon due consideration, Plaintiff's motion is **granted in part and denied in part**. Here, Plaintiff seeks recovery for physical injuries. (Doc. 46 at 4); *see also* (Doc. 27 ¶¶ 17, 23).

Therefore, her condition is in controversy and the parties have established good cause for the examination. *E.g.*, *Scully v. Liberty Mut. Ins. Co.*, No: 6:22-cv-2271-CEM-LHP, 2023 WL 6586309, at *1-2 (M.D. Fla. Oct. 10, 2023) (finding that the plaintiff's physical condition was in controversy and a physical examination was justified when the plaintiff alleged bodily injuries stemming from a motor vehicle crash).

The examination shall be conducted subject to the conditions the parties have agreed to as set forth in Plaintiff's motion (Doc. 46), except for the conditions related to whether the transcript or video of the examination will be considered work product of Plaintiff's counsel and whether or when Defendants may obtain a copy of the video or transcript, and when Plaintiff's counsel shall receive a copy of the report. (*Id.* ¶ 5). These conditions have been found to be "outside the scope of Rule 35." *Scully*, 2023 WL 6586309, at *2; *see also Lenczyk v. USAA Cas. Ins. Co.*, No. 6:20-cv-1641-PGB-LRH, 2021 WL 8820996, at *2 (M.D. Fla. May 20, 2021). Since the parties have "provided no legal authority to support Court-ordered imposition of these conditions," the Court declines to impose them here. *Scully*, 2023 WL 6586309, at *2; *see also* (Doc. 46). "The parties are free to abide by [these conditions] via their own agreement, but the Court will not order conditions not authorized by the Rule." *Lenczyk*, 2021 WL 8820996, at *2.

**DONE** and **ORDERED** in Ocala, Florida, on October 20, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party